Madalynn CAREY, Plaintiff–Appellant,

v.

BAYERISCHE HYPO–UND VEREINSBANK AG, Defendant–Appellee.

Docket No. 03–7819.

United States Court of Appeals, Second Circuit.

Argued: April 16, 2004.

Decided: June 1, 2004.

Robert D. Rachlin, Downs Rachlin Martin PLLC, Burlington, VT, for Appellant.

Thomas M. Mueller, Mayer, Brown, Rowe & Maw LLP, New York, NY, for Appellee.

Before: LEVAL and CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

LEVAL, Circuit Judge.

Plaintiff Madalynn Carey, a citizen of the United States residing in Texas, appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *J.*) granting the motion of defendant Bayerische HypoUnd Vereinsbank AG ("Hypo–Vereinsbank"), a German banking institution, to dismiss for *forum non conveniens*. In 1992, Carey, who was then living and working in Germany, entered into a loan-and-mortgage agreement with Hypo–Vereinsbank's predecessor in interest to secure financing to purchase a German apartment unit as an investment. In December 2002, Carey filed this suit in the Southern District of New York, alleging that she had been fraudulently induced to make the agreement and that the bank defrauded her in the performance of the contract. Hypo–Vereinsbank moved to dismiss the suit for *forum non conveniens*. The district court granted the motion. Carey appeals from that decision.

## BACKGROUND

In 1992, when Carey was living and working in Munich, Germany, she entered into a loan-and-mortgage agreement with Hypo–Vereinsbank's predecessor in interest to finance her purchase of an apartment unit in Aachen, Germany, as an investment. Carey contends that she was induced to invest in the unit by fraudulent representations and that Hypo–Vereinsbank defrauded her in the performance of the loan-and-mortgage agreement. Payments to Carey for the rental of her apartment were not made, despite assurances she had received of a rental guarantee.

In the late 1990s, Carey moved back to the United States to care for her mother, who lived in Texas. In May 2002, Carey ceased making the payments to Hypo–Vereinsbank required by the loan-and-mortgage agreement. After Carey ceased making payments, the bank sent letters to Carey in Texas demanding continued payment and threatening Carey with unpleasantness ("unannehmlichkeiten") should she continue to refuse to make payments.

On October 31, 2002, Carey filed a lawsuit in Germany against Hypo–Vereinsbank, seeking to prevent foreclosure on her apartment unit. She contends her German suit was intended merely to protect her investment against foreclosure while she pursued legal action in the United States. On December 30, 2002, she filed this lawsuit in the Southern District of New York. Hypo–Vereinsbank has an office in New York and is subject to *in personam* jurisdiction in New York. Carey's complaint seeks recision of the purchase agreement and the mortgage, injunctive relief forbidding Hypo–Vereinsbank and its agents from taking any further action to collect from Carey, and compensatory and punitive damages.

Hypo–Vereinsbank moved to dismiss the complaint for *forum non conveniens*. The district court granted the motion and dismissed the action. This appeal followed. We affirm.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

## DISCUSSION

■ The doctrine of *forum non conveniens* is "a discretionary device permitting a court in rare instances to dismiss a claim even if the court is a permissible venue with proper jurisdiction over the claim." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir.2000) (citation and internal quotation marks omitted). Under the doctrine, "when an alternative forum has jurisdiction to hear [a] case, and when trial in the chosen forum would 'establish ... oppressiveness and vexation to a defendant ... out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established." *American Dredging Co. v. Miller*, 510 U.S. 443, 447–48, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994) (citations and internal quotation marks omitted) (alterations in original).

■ In making a *forum non conveniens* analysis, the district court must first determine whether an adequate alternative forum exists. The parties here do not dispute that Germany is an adequate alternative forum. The district court next balances public and private interests, giving deference to the plaintiff's choice of forum, to determine whether the balance strongly favors dismissal. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The private interests to be considered include: the interests of the litigants in having the case tried in a particular forum; the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of a view of relevant premises, if such a view would be appropriate to the action; and, all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Public interest factors include: court congestion; the interest of forums in having local disputes decided at home; and, the interest in having issues of law decided by courts of the nation whose law is involved. *Id.* at 508–09, 67 S.Ct. 839.

■ We review a *forum non conveniens* dismissal under the abuse of discretion standard. *Sussman v. Bank of Israel*, 990 F.2d 71, 72 (2d Cir.1993). Where the district court has "considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co.*, 454 U.S. at 257, 102 S.Ct. 252.

The district court determined that the private and public interest factors in this case "clearly point towards trial in the alternative German forum." Citing *Blimpie International, Inc. v. ICA Menyforetagen AB*, 1997 WL 143907, 1997 U.S. Dist. LEXIS 3950 (S.D.N.Y. Mar. 25, 1997); *Morrison Law Firm v. Clarion Co. Ltd.*, 158 F.R.D. 285 (S.D.N.Y.1994); and *Sussman v. Bank of Israel*, 801 F.Supp. 1068 (S.D.N.Y.1992), the court observed that "diminished ... weight [is] accorded a plaintiff's choice of forum where the plaintiff has actively sought international business and the cause of action does not have significant ties to the plaintiff's home forum." The court further concluded that "regardless of whether the weight accorded to the plaintiff's choice of forum is diminished ..., the balance tips very decidedly towards Germany as the appropriate forum."

The plaintiff argues that the district court exaggerated the similarity between

this case and *Blimpie, Morrison Law Firm,* and *Bank of Israel.* In those cases, the plaintiffs, which had sought business or made investments abroad, were substantial business entities, easily capable of litigating the disputes that arose out of those ventures in the country where they occurred. Plaintiff stresses that she, unlike the defendant bank, is an individual of modest means for whom the obligation to litigate in a foreign land would represent a major difficulty.

Plaintiff contends her case is more like *Wiwa,* 226 F.3d at 108, and *Iragorri v. United Technologies Corp.,* 274 F.3d 65, 75 (2d Cir.2001) (en banc), in which we set aside *forum non conveniens* dismissals that would have required individuals resident in the United States to bring litigation in foreign countries. In *Wiwa* and *Iragorri,* we stressed the presumptive validity of a United States resident's choice of a United States forum.

■ We agree in part with plaintiff's argument. For an individual of modest means, the obligation to litigate in a foreign country is likely to represent a considerably greater obstacle than for a large business organization—especially one maintaining a business presence in foreign countries. For this reason, such an individual's choice of the home forum may receive greater deference than the similar choice made by a large organization which can easily handle the difficulties of engaging in litigation abroad.

Nonetheless, we find in the particular circumstances that the district court's decision to require the plaintiff to bring her suit in Germany was not unreasonable. At the time of the events in question, plaintiff was living in Germany. While living in Germany, she voluntarily entered into a contract to purchase and finance an apartment unit in Germany, representing a long-term investment in German real

property. Such transactions in Germany reasonably give rise to the expectation on all sides that any litigation arising from them will be conducted in Germany. Indeed, the contracting papers provided that the German courts would have jurisdiction in the event of any dispute.

Furthermore, as the district court explained, a number of crucial witnesses likely would not be available for a United States proceeding. Hypo–Vereinsbank asserts that several of the individuals who interacted with Carey at the time of her purchase, and would be witnesses rebutting her claims of fraud, are not employed by the bank, so that the bank could not be sure of their willingness to come to the United States to testify.

We in no way retreat from our emphasis in *Iragorri* and *Wiwa* of the presumptive validity of a United States resident's choice of a United States forum for litigation. *See Iragorri,* 274 F.3d at 70–72, *Wiwa,* 226 F.3d at 101–103. However, the deference given to a resident's choice of home forum is not a guarantee against *forum non conveniens* dismissal. For the reasons stressed by the district court, this case is quite different from *Iragorri* and *Wiwa.* In those suits, the plaintiffs asserted torts involving the infliction of physical injury on themselves or their decedents. Those plaintiffs had not sought out the relationship that resulted in the suit. Here, the dispute is essentially over the complex terms of an investment in German real estate which plaintiff voluntarily entered into while living in Germany. In the circumstances, it was reasonable to expect that disputes over the terms of the transactions or their performance would be resolved in Germany. Given the difficulty the German defendant will encounter in securing the presence of its witnesses in the United States and the reasonableness of requiring the plaintiff to litigate over

such a business transaction in the country where it occurred, we find that the court's judgment was within the bounds of its permissible discretion.

## CONCLUSION

The judgment of the district court is AFFIRMED.